FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

OCT 28 2010

Stephan Harris, Clerk
Cheyenne

D. Stephen Melchior W.S.B. #5-2885
Melchior Law Firm
2010 Warren Avenue
Cheyenne, WY 82001
(307) 637-2323 (Office)
(307) 637-2313 (Facsimile)

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| MEGAN D. McCAFFERTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. _10-CV-242-D_ |
| | ) | |
| PREISS ENTERPRISES, INC. d/b/a | ) | |
| McDONALD'S, and | ) | |
| JACOB WAYNE PETERSON, | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT AND JURY DEMAND

The Plaintiff, Megan D. McCafferty, by and through her undersigned counsel, and for her

Complaint against the Defendants, Preiss Enterprises, Inc. d.b.a. McDonald's, and its supervisor,

Jacob Wayne Peterson, states and alleges the following:

### NATURE OF ACTION

1.      This is an action brought by the Plaintiff against the Defendants for violation of

Title VII of the Civil Right Act of 1964, as amended, and certain state and common law claims.

The Plaintiff seeks compensatory and punitive damages as well as attorneys' fees and costs.

1

## JURISDICTION, VENUE AND RELATED MATTERS

2.     The Plaintiff has suffered damages as a result of sexual harassment and sexual conduct for which she seeks relief pursuant to 42 U.S.C. § 2000(e) *et seq.*, and 42 U.S.C. § 1981(a) (sometimes referred to herein as Title VII) and by violation of the *Wyoming Fair Employment Practices Act* of 1965, as amended as well as under Wyoming common law.

3.     This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the accompanying state and common law claims pursuant to 28 U.S.C. § 1367(a).  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as the unlawful employment practices and other unlawful acts took place within the State of Wyoming.

4.     Plaintiff has exhausted her administrative remedies having filed a Complaint with the E.E.O.C. Charge No. 32K-2007-00175.  The E.E.O.C. issued its Notice of Right to Sue to Plaintiff on or about July 30, 2010 and this Complaint is timely filed within 90 days of receipt of such Notice.

## PARTIES

5.     Plaintiff Megan D. McCafferty was a minor female worker employed by Defendant Preiss Enterprises, Inc. d.b.a. McDonald's (hereinafter Defendant McDonald's) at all times pertinent hereto until her constructive discharge on or about April 11, 2007.

6.     Defendant McDonald's is a Wyoming Corporation with its principal place of business within the state of Wyoming.  It is engaged in interstate commerce and qualifies as an employer for Title VII purposes employing at least 15 employees for each working day in each

2

of 20 or more calendar weeks in the current or preceding year.

7.    Defendant Jacob Wayne Peterson is an individual and was at all times pertinent hereto an employee of Defendant McDonald's and was the minor Plaintiff's direct supervisor acting under the apparent and implied authority of Defendant McDonald's.

### GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

8.    Defendant McDonald's engaged in a recruitment effort at Plaintiff's high school, an alternative high school for at-risk youth, urging the students to seek employment with Defendant.

9.    In response to the Defendant's recruitment effort, Plaintiff applied to and was hired by Defendant McDonald's on or about February 15, 2007.

10.    Plaintiff was fifteen (15) years old at the time of her hiring by Defendant McDonald's and it was her first job. Plaintiffs' date of birth is August 25, 1991.

11.    Defendant McDonald's failed to properly verify Plaintiff's age prior to her employment as required by Wyoming state law and its failure continued throughout the course of her employment.

12.    Plaintiff at all times pertinent hereto was performing her work satisfactorily and had even received a written commendation for going to work early.

13.    Plaintiff did not know 21 year-old Defendant Jacob Wayne Peterson until she was introduced to him as her shift supervisor employed by Defendant McDonald's.

14.    Plaintiff's supervisor Defendant Peterson was often the most senior person on

duty during the shifts worked with Plaintiff.

15.     Defendant Peterson had immediate authority, granted him by Defendant McDonald's, over Plaintiff and the daily work terms and conditions of her job.

16.     After approximately one month of employment, Plaintiff agreed to fill-in for a coworker and to work an additional shift.

17.     On or about March 27, 2007, Plaintiff brought her McDonald's uniform to school in her backpack to work the additional shift from 3:30 to 9:00 p.m.

18.     On or about March 27, 2007, Plaintiff was picked up at Triumph High School by her supervisor Defendant Peterson who was supposed to drive her to work.

19.     When reminded of her new scheduled shift, Plaintiff's supervisor, Defendant Peterson, told Plaintiff that, "You're excused from work."

20.     Defendant Peterson then drove Plaintiff to his friend's house rather than McDonald's where he supplied her with methamphetamine, marijuana, LSD, MDMA (Ecstasy), and alcoholic beverages.

21.     Later in the evening, Plaintiff's supervisor Peterson drove the minor child to his home on Elkhorn Street where he supplied her with marijuana, fondled her sexually, and had sexual intercourse with her on two separate occasions.

22.     Defendant Peterson's acts against Plaintiff constitute a crime of sexual abuse under Wyoming law as the 15 year-old Plaintiff was legally unable to consent to sexual intercourse with her 21 year-old supervisor, who occupied a position of authority over her. See

4

W.S. § 6-2-316(a)(ii).

23. The next day, on or about March 29, 2007, the minor Plaintiff was reported missing by her grandfather.

24. On or about March 29, 2007, Plaintiff was spotted at a local fast food restaurant by her sister. Plaintiff was at the restaurant with Defendant McDonald's supervisor, Defendant Peterson. Plaintiff's sister immediately notified the police who arrived and conducted an initial investigation which led to citations against Defendant Peterson for unlawful possession of drugs and drug paraphernalia for possession of methamphetamine, marijuana, and a glass pipe with suspected methamphetamine residue.

25. Defendant Peterson admitted to Plaintiff's sister and police that he'd had sexual intercourse with Plaintiff.

26. Plaintiff was immediately taken to the emergency room at Cheyenne Regional Medical Center where Plaintiff's blood tested positive for marijuana.

27. Further examination revealed Plaintiff suffered from depression and post traumatic stress disorder as a result of the events of the preceding three days. With the recommendation of Plaintiff's treating physicians, Plaintiff was admitted to Wyoming Behavioral Institute in Casper, Wyoming where she underwent treatment for approximately 62 days.

28. Plaintiff was unable to return to her employment and worked no shifts during a consecutive 14 day period while she was being treated on an emergency basis at Wyoming

5

Behavioral Institute.

29.     According to Defendant McDonald's employment policies, it would have presumed Plaintiff "voluntarily terminated" her employment effective April 11, 2007.

30.     Plaintiff was forced to terminate her employment as a result of the sexual harassment and assault she was subjected to by her supervisor, Defendant Peterson.

31.     Defendant McDonald's, upon learning of the accusations against its supervisor, conducted an in-house "investigation" which consisted of speaking to Defendant Peterson, who denied the allegations of drug possession and sexual harassment.

32.     Defendant McDonald's did not interview Plaintiff's coworkers in regard to alleged sexual harassment by its supervisor Peterson.

33.     Defendant McDonald's actions do not constitute a full, fair, and independent examination of the allegations against its supervisor.

34.     Defendant McDonald's subsequently promoted Defendant Peterson following its investigation to "Red Zone Manager."

35.     On or about March, 2008, after being informed by Wyoming Labor Standards that its supervisor Defendant Peterson was lying, Defendant McDonald's suspended and then terminated him.

36.     On or about April 14, 2008, Defendant McDonald's issued a letter to Defendant Peterson stating, "Your misconduct included unprofessional conduct and  obstruction of our investigation to provide truthful and accurate information regarding your off the job conduct in

6

March, 2007, your withholding information regarding the criminal charges filed against you, and your conviction for off the job possession of illegal drugs."

37.     Plaintiff continues to suffer from the effects of the Defendants' conduct against her for which she is continuing to seek treatment.

### FIRST CAUSE OF ACTION
### VIOLATION OF TITLE VII
#### (TANGIBLE EMPLOYMENT ACTION SEXUAL HARASSMENT)

38.     Plaintiff realleges and incorporates by this reference all preceding paragraphs as if fully stated herein.

39.     Plaintiff is a woman and as such is a member of a group protected under Title VII from discrimination on the basis of sex.

40.     On or about March 27, 2007, Defendant Jacob Wayne made sexual advances against Plaintiff by supplying her with illegal drugs and alcohol, fondling her sexually, and engaging in sexual intercourse with her while she was legally unable to consent.

41.     Plaintiff did not welcome the advances, and because of her youth was legally unable to consent to them under the laws of the state of Wyoming.

42.     Defendant Jacob Wayne Peterson was Plaintiff's supervisor and had the power to alter or affect the terms and conditions of Plaintiff's employment by changing her hours and schedule, evaluating her performance by "making sure employees are doing their jobs right", and by sending her home to cut labor costs if needed.

43.     The minor Plaintiff submitted to the unwelcome sexual advances of her

7

supervisor, Jacob Wayne Peterson, under the implicit threat of losing her job at McDonald's or suffering other tangible negative changes to the conditions of her employment if she refused his advances.

44.     The advances were directed at Plaintiff because of her sex.

45.     Plaintiff sustained a tangible economic detriment resulting from her submission to the sexual demands of her supervisor Defendant Peterson, because his abuse required immediate and sustained treatment leading to the constructive discharge of her employment.

46.     Plaintiff sustained emotional suffering and injury attributable to the sexual advances made by Defendant Peterson and the adverse employment action taken by Defendants in response to Plaintiff's submission to those advances.

47.     The authority and power of Defendant Jacob Wayne Peterson to alter the terms and conditions of Plaintiff's employment was conferred by Defendant McDonald's.

48.     Defendant Peterson was the agent of Defendant McDonald's for the purpose of making decisions affecting Plaintiff's employment.

49.     Defendants acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

## SECOND CAUSE OF ACTION
### VIOLATION OF TITLE VII
#### (HOSTILE WORK ENVIRONMENT/ SEXUAL HARASSMENT)

50.     Plaintiff realleges and incorporates by this reference all preceding paragraphs as if fully stated herein.

8

51.     Plaintiff is a woman and as such is a member of a group protected under Title VII from discrimination on the basis of sex.

52.     Commencing on or about March 27, 2007, Defendant Peterson engaged in a persistent pattern of severe and pervasive harassment involving sexual advances, sexual fondling and sexual intercourse which created a hostile environment for Plaintiff with tangible consequences in the workplace.

53.     The minor Plaintiff did not welcome the conduct described in paragraph 52 herein above, and such conduct was presumptively unwelcome as Plaintiff was not able to legally consent to such conduct on the basis of her youth and the position of authority that Defendant Peterson had over her.

54.     Plaintiff was subjected to the harassment because of her sex.

55.     The harassment described in paragraph 52 had a greater impact because of Plaintiff's sex.

56.     Defendant's harassment adversely affected Plaintiff's psychological well being.

57.     The harassment unreasonably interfered with Plaintiff's work performance in that she was unable to continue with her employment as a direct result of Defendants' conduct.

58.     The harassment to which Plaintiff was subjected would affect the psychological well being and unreasonably interfere with the work performance of a reasonable person of Plaintiff's sex.

59. The     sexual harassment to which Plaintiff was subjected was sufficiently severe or

pervasive to constitute a criminal act under Wyoming law and to cause Plaintiffs' need for immediate in-patient treatment for a period of approximately 62 days. Such conduct in Defendant's workplace at all times pertinent hereto is sufficient to charge Defendant with constructive notice of it.

60.     Upon being informed of Plaintiff's sexual harassment claims Defendant McDonald's failed to properly investigate Plaintiff's complaint.

61.     Defendant McDonald's failed to take adequate remedial action against its supervisor Defendant Peterson and promoted him to "Red Zone Supervisor."

62.     Defendant Jacob Wayne Peterson was Plaintiff's supervisor and had the power to alter or affect the terms and conditions of Plaintiff's employment by changing her hours and schedule, evaluating her performance by "making sure employees are doing their jobs right", and by sending her home to cut labor costs if needed.

63.     Defendant supervisor Peterson was acting within the scope of his apparent immediate authority by harassing Plaintiff because of his ability to affect the terms and conditions of her daily employment and Defendant McDonald's is vicariously liable for the acts of its supervisor.

64.     Plaintiff sustained emotional suffering and injury attributable to the harassment.

65.     Plaintiff suffered negative tangible employment action as a result of Defendant's harassment because she was constructively discharged from her employment.

66.     Plaintiff is a woman who w as performing her work satisfac torily when her

10

employer, through its agent supervisor, Defendant Peterson made her working conditions so difficult that a reasonable person of Plaintiff's sex in Plaintiff's position would feel compelled to resign.

67.     Defendants acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well being.

### THIRD CAUSE OF ACTION
### NEGLIGENT HIRING, SUPERVISION, AND RETENTION

68.     Plaintiff realleges and incorporates by this reference all preceding paragraphs as if fully stated herein.

69.     Defendant McDonald's was negligent in its hiring, supervision and retention of its supervisor Defendant Peterson.

70.     Defendant McDonald's hired and promoted to supervisor Defendant Peterson who it knew or should have known constituted a risk of sexual harassment to Plaintiff.

71.     Defendant McDonald's actively recruited potential employees from a high school of at risk minor youth of which Plaintiff was a member.

72.     Defendant McDonald's put Plaintiff under the direct supervision of Defendant Peterson a 21 year old man.

73.     Defendant McDonald's failed to properly verify Plaintiff's age and status as a 15 year old minor as required by Wyoming law at the time of her hiring and throughout her employment.

74.     Defendant McDonald's failed to properly train and supervise its managerial employee Defendant Peterson.

75.     Defendant Peterson committed tortious acts against Plaintiff as a result of her being placed under his direction supervision by Plaintiff McDonald's.

76.     Defendant McDonald's owed a duty of reasonable care to the minor Plaintiff to adequately train and supervise its managerial employee Defendant Peterson and to prohibit him from committing tortious sexual acts against her when such acts were reasonably foreseeable as a result of Plaintiffs' age and vulnerability to a person in authority over her.

77.     Defendant McDonald's failed in its duty of reasonable care to the minor Plaintiff to adequately train and supervise its managerial employee Defendant Peterson.

78.     Upon learning of Plaintiffs' allegations against its supervisor Defendant McDonald's did not conduct a proper investigation, and did not remedy the situation by terminating its supervisor and retaining Plaintiff, but promoted its manager to "Red Zone Supervisor."

79.     As a direct and proximate cause Defendant McDonald's negligent hiring, supervision, and retention of Defendant Peterson, the minor Plaintiff suffered bodily and mental injury, severe emotional distress, physical manifestations of such distress and other losses.

## FOURTH OF ACTION
## CIVIL SEXUAL ASSAULT AND BATTERY

80.    Plaintiff realleges and incorporates by this reference all preceding paragraphs as if fully stated herein.

81.    Defendant Peterson committed sexual assault and sexual battery against the minor Plaintiff in that while over 6 years older than Plaintiff and in a position of authority over her as her supervisor, he supplied her with illegal drugs, made sexual advances against her, committed actions of sexual intrusion against her and engaged in two acts of sexual intercourse with her.

82.    Plaintiff was not of lawful age to consent to her supervisor's acts against her and submitted to the unwelcome sexual advances of her supervisor, Defendant Peterson, under the implicit threat of losing her job at McDonald's or suffering other tangible negative changes to the conditions of her employment if she refused his advances.

83.    Defendant McDonald's is vicariously liable for the acts of its agent supervisor against Plaintiff at all times pertinent hereto under the doctrine of *Respondeat Superior*. Additionally, Defendant ratified its supervisor's acts when it conducted its investigation and subsequently promoted Defendant Peterson.

84.    As a direct and proximate cause of Defendants' tortious acts Plaintiff suffered bodily and mental injury, severe emotional distress, physical manifestations of such distress and other losses.

## FIFTH CAUSE OF ACTION
## FALSE IMPRISONMENT

85. Plaintiff realleges and incorporates by this reference all preceding paragraphs as if fully stated herein.

86. On or about March 27, 2007, Defendant Peterson, through use of his authority as Plaintiff's work supervisor intentionally detained and restrained the minor Plaintiff without her consent when he picked her up from school and instead of taking her to her place of employment as requested informed her that "You're excused from work" and took her to his friend's home where he further restrained her through the use of illegal narcotics and alcohol.

87. Defendants' conduct of detention and restraint of Plaintiff was unlawful. Plaintiff was not of lawful age to consent to her supervisor's acts against her and submitted to the unwelcome sexual advances of her supervisor, Defendant Peterson, under the implicit threat of losing her job at McDonald's or suffering other tangible negative changes to the conditions of her employment if she refused his advances.

88. Defendant McDonald's is vicariously liable for the acts of its agent supervisor, Defendant Peterson, against Plaintiff at all times pertinent hereto under the doctrine of *Respondeat Superior*. Additionally, Defendant Peterson ratified its said supervisor's acts when it conducted its investigation and subsequently promoted Defendant Peterson.

89. As a direct and proximate cause of Defendant's tortious acts Plaintiff suffered bodily and mental injury, severe emotional distress, physical manifestations of such distress and

other losses.

## SIXTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

90.     Plaintiff realleges and incorporates by this reference all preceding paragraphs as if fully stated herein.

91.     Defendant Peterson exercised supervisory control over Plaintiff at all relevant pertinent times hereto and was placed in such position of authority by Defendant McDonald's.

92.     Defendant Peterson's position of power and authority enhanced his ability to harm the minor Plaintiff.

93.     Defendant McDonald's through the intentional and reckless acts of its said managerial agent, Defendant Peterson, engaged in conduct against the Plaintiff that was so extreme, outrageous, and beyond the pale of decency as to be tolerable in a civil society.

94.     As a direct and proximate cause of Defendants' tortious acts Plaintiff suffered bodily and mental injury, severe emotional distress, physical manifestations of such distress and other losses.

95.      Defendant McDonald's is liable for its own outrageous acts in constructively discharging Plaintiff when she was subjected to sexual abuse and is vicariously liable for the acts of its agent supervisor against Plaintiff at all times pertinent hereto under the doctrine of *Respondeat Superior*. Additionally, Defendant ratified its supervisor's acts when it conducted its investigation and subsequently promoted Defendant Peterson.

15

### SEVENTH CAUSE OF ACTION
### PUNITIVE DAMAGE
#### (LIABILITY OF EMPLOYER FOR MISCONDUCT OF EMPLOYEE)

96.     Plaintiff realleges and incorporates by this reference all preceding paragraphs as if fully stated herein.

97.     Defendant McDonald's authorized the doing and manner of the acts of Defendant Peterson as alleged herein.

98.     Defendant Peterson exercised supervisory control over Plaintiff at all relevant pertinent times hereto and was placed in such position of authority by Defendant McDonald's.

99.     Defendant McDonald's put Plaintiff under the direct supervision of Defendant Peterson.

100.    Defendant McDonald's was negligent in its hiring, supervision and retention of Defendant Peterson.

101.    Defendant McDonald's hired and promoted to supervisor Defendant Peterson who it knew or should have known constituted a risk of sexual harassment to Plaintiff.

102.    Defendant McDonald's failed to properly train and supervise its managerial employee Defendant Peterson.

103.    Defendant Peterson committed tortious acts against Plaintiff as a result of her being placed under his direction supervision by Plaintiff McDonald's.

104.    Defendant McDonald's owed a duty of reasonable care to the minor Plaintiff to adequately train and supervise its managerial employee Defendant Peterson and to prohibit him

16

from committing tortious sexual acts against her when such acts were reasonably foreseeable as a result of Plaintiffs' age and vulnerability to a person in authority over her.

105.    Defendant McDonald's failed in its duty of reasonable care to the minor Plaintiff to adequately train and supervise its managerial employee Defendant Peterson.

106.    Upon learning of Plaintiffs' allegations against its supervisor, Defendant McDonald's did not conduct a proper investigation, and did not remedy the situation by immediately terminating Defendant Peterson and giving notice of its intent to retain Plaintiff, but instead promoted Defendant Peterson to "Red Zone Supervisor."

107.    Defendant Peterson was unfit to work in the capacity of a Supervisor for Defendant McDonald's and was specifically unfit to be Plaintiff's supervisor at all relevant and pertinent times hereto.

108.    Defendant McDonald's was reckless in employing and/or retaining Defendant Peterson at all relevant and pertinent times hereto.

109.    Defendant Peterson was employed by Defendant McDonald's in a managerial capacity and was acting in the scope of his employment at all relevant and pertinent times hereto.

110.    Defendant McDonald's ratified or approved the acts of Defendant Peterson as set forth herein at all relevant and pertinent times hereto.

111.    The above described conduct, actions, inactions and/or omissions of Defendant McDonald's were reckless and outrageous with willful and wanton disregard for the safety and well-being of Plaintiff, and are such as to justify the assessment of punitive or exemplary

17

damages against Defendant McDonald's in an amount to be determined by a jury which are sufficient to punish and deter Defendant McDonald's form engaging in similar and/or continued misconduct and to serve as an example or warning to others not to engage in such misconduct in the future.

## DAMAGES

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants, and award her the following:

a.  Back pay;

b.  Front pay;

c.  Other future damages, including but not limited to, loss of future earnings, loss of wages, loss of promotions and loss of fringe benefits, and loss of earning capacity;

d.  Compensatory, punitive and exemplary damages;

e.  Non-economic damages;

f.  Her attorneys' fees and costs, including expert witness fees as allowable by law;

g.  Pre and post-judgment interest as allowable by law;

h.  Such other and further remedies as allowable by law or in equity;

i.  Such further and other relief that the Court finds proper in the premises.

18

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL CLAIMS
ALLOWABLE BY LAW.

RESPECTFULLY SUBMITTED this _28th_ day of October, 2010.

Plaintiff:  MEGAN D. McCAFFERTY

BY: _____

D. Stephen Melchior W.S.B. #5-2885
MELCHIOR LAW FIRM
2010 Warren Avenue
Cheyenne, WY 82001
(307) 637-2323
(307) 637-2313 (fax)
*Attorney for Plaintiff*